Lewis S. Levy, Respondent, *v.* Sylvester Brush, Appellant.

A verbal agreement was entered into between the plaintiff and defendant, by which the latter agreed to bid off in his own name, and enter into a contract for the purchase of land, and pay from his own funds the necessary amount for that purpose for the joint benefit of both. The plaintiff was to reimburse one-half of the money so paid; the deed to be taken in the name of both.—*Held,* the defendant having bid off the land in his name and taken a contract thereof, but refused to convey one-half of the contract to the plaintiff, that no action would lie to compel the execution of the agreement.

Such an arrangement did not constitute a partnership between them.

A party in no legal sense commits a fraud by refusing to perform a contract void by its provisions. He has not, in that sense, made a contract, and has a perfect right, both at law and in equity, to refuse performance.

(Argued May 22d ; decided May 30, 1871.)

Appeal from the judgment of the General Term of the Superior Court of the city of New York, affirming the judgment of the Special Term in favor of plaintiff.

On March 10th, 1868, at the Exchange Sales Rooms, in the city of New York, three lots of land on the south-easterly corner of Fifty-ninth street and Seventh avenue were struck off to the defendant, as the highest bidder; but it does not appear that the bid was made effectual by the signing of a contract.

On March 18th, the plaintiff commenced this action, alleging that it was agreed at the auction sale, on March 10th, that the plaintiff and defendant should purchase the lots jointly; that the bid should be taken in the defendant's name, and the deed in their joint names; and upon the allegation that the defendant refused to recognize the plaintiff's rights in the transaction, the complaint prayed that the conveyance be executed to both parties as tenants in common, and that an injunction issue to restrain the defendant from taking a conveyance in his own name.

An injunction was granted accordingly; but upon the defendant's denial that he made the alleged agreement, and his admission that he made a similar agreement respecting other lots, the injunction was modified, and he was permitted

to take the conveyance. He subsequently took a deed of the lots, and he paid all of the consideration money.

The judge, at Special Term, found as fact that the parties made the verbal agreement set forth in the complaint, and that on March 10th, the parties "effected the purchase of said real estate." He further found as facts (third and fourth findings), "that the plaintiff duly tendered to the defendant the share or *pro rata* which the plaintiff was bound to pay for and on account of said purchase," and "that the defendant refused to accept the said tender."

Thereupon, the court held, as a conclusion of law, that the defendant was seized of an undivided half part of the three lots as trustee for the plaintiff, and accordingly judgment was entered requiring the defendant to execute a conveyance thereof to the plaintiff upon his payment of one-half of all sums paid out, and upon his covenanting to assume one-half of the bond and mortgage given for purchase-money. The other facts are sufficiently stated in the opinion.

*Osborn E. Bright*, for the appellant. The proofs were too indefinite to warrant the decree. (*Lench* v. *Lench*, 10 Ves., 518; *Pilling* v. *Armitage*, 12 Ves., 78; *Parkhurst* v. *Van Cortlandt*, 1 John. Ch., 273; 14 John., 15.) A trust arises by operation of law only upon a conveyance. (*Green* v. *Drummond*, 31 Md., 71; *Murray* v. *Rogers*, 3 Paige, 390; *Steere* v. *Steere*, 5 John. Ch., 1; *Dyer* v. *Dyer*, 2 Cox, 92; *Jackson ex dem Seeley* v. *Morse*, 16 John., 197; Comyn's Dig. tit. Uses, D., 1.) The conclusion of law that the defendant is trustee of a part of the land for the plaintiff is erroneous, even in view of the conveyance as the basis of the action. (*Atkins* v. *Rowe*, Mos., 39; *Bartlett* v. *Pickersgill*, 1 Eden, 515; *Barret* v. *Dougherty*, 8 Casey, 371; *Smith* v. *Burnham*, 3 Sumner, 435; *Lathrop* v. *Hoyt*, 7 Barb., 63; *Montacute* v. *Maxwell*, 1 P. Wms., 618; *Brewster* v. *Power*, 10 Paige, 562; *Leman* v. *Whittey*, 4 Russ. Ch., 423; *Botsford* v. *Burr*, 2 Johns. Ch., 405; *Kisler* v. *Kisler*, 2 Watts, 323; *Jackman* v. *Kingland*, 4 Watts & S., 149; *Pinnock* v. *Clough*,

16 Verm., 501.)   A trust did not arise in favor of the plaintiff by operation of law.   (*Chesterfield* v. *Janson,* 2 Ves., Jr., 155; *Lamas* v. *Bayley,* 2 Vern., 627; *Ryan* v. *Dox,* 34 N. Y., 307; *Sanford* v. *Morris,* 1 Trans. App., 350; *Gardner* v. *Ogden,* 22 N. Y., 327; *Walker* v. *Walker,* 2 Atk., 99; *Moore* v. *Moore,* 1 Seld., 256; *Parkist* v. *Alexander,* 1 John. Ch., 394; *Sweet* v. *Jacobs,* 6 Paige Ch., 355; *Lees* v. *Nuttall,* 1 Russ. & Myl., 53; aff'd, 2 Mylne & Keen, 819; *McCulloch* v. *Cowler,* 5 Watts & S., 430; *Denton* v. *McKenzie,* 1 Desau., 289; *Brown* v. *Lynch,* 1 Paige, 147; *Van Horne* v. *Fonda,* 5 John. Ch., 388; *Swineburne* v. *Swineburne,* 28 N. Y., 568.)   On the question of part performance. (Adams' Eg., 86; *Buckmaster* v. *Harrop,* 7 Ves., 341; *Seagood* v. *Meale,* Prec. Ch., 560; *Malius* v. *Brown,* 4 Comst., 403; 4 Kent's Com., 451.)

*Henry Morrison* and *Siegmund Spingarn,* for respondent. The agreement is not within the statute of frauds.   (2 Edm. Statutes, 139.)   On the question of partnership.   (*Tomlinson* v. *Miller,* 7 Abb. N. S., 364; *Sage* v. *Sherman,* 2 N. Y., 417; *Bunnell* v. *Fowler,* 4 Conn., 568; *Fall River W. Co.* v. *Borden,* 10 Cushing, 458; *Essex* v. *Essex,* 20 Beavan, 449; *Foster* v. *Hall,* 5 Vesey, 309; *Dale* v. *Hamilton,* 5 Hare., 269; 2 Ph., 266; *Caddick* v. *Simpson,* 2 De G. & J., 52; *Cloggett* v. *Kilbourne,* 1 Black., 346; *Matter of Warren,* Davies (Me.), 320.)   The statute cannot be invoked for the purpose of imposition.   (*Ryan* v. *Dox,* 34 N. Y., 307; *Sanford* v. *Morris,* 1 Trans. App., 250; *Mooney* v. *Herrick,* 18 Penn., 128; *Soggin* v. *Heard,* 2 Geo., 426.)   This was a a trust, created by law, and exempt from the operation of the statute.   (1 Edmonds' Statutes, 677.)

GROVER, J.   The appellant's counsel insists that the case fails to show that any contract in writing for the sale of the lots in question to the defendant, pursuant to his bid, was made and signed by the vendor and delivered to the defendant, so as to give the latter any valid claim to a conveyance

of the land, under the statute of frauds, upon the performance of such contract, and that for this reason the plaintiff failed to show any cause of action against the defendant. If the counsel's premises are correct, his conclusion would necessarily be so, as it is clear the plaintiff would have no remedy against the defendant for the breach of the alleged agreement to share the lots purchased equally with him, if no valid contract for such purchase was made. But I do not so understand the case and findings of fact by the judge. From the latter it appears that on the tenth day of March, 1868, at the Exchange sales rooms in the city of New York, the parties to the action entered into and made the verbal agreement set forth in the complaint, for the joint purchase of the real estate and premises described therein, to wit, lots known as numbers eighty-eight, eighty-nine and ninety, laid out upon the map or diagram referred to in the complaint; that subsequently, on the same day, the parties, at the said rooms, in pursuance of the said agreement, effected the purchase of said real estate and premises for the firm, for the sum of $59,000; that the plaintiff duly tendered to the defendant the share or *pro rata* which the plaintiff was bound to pay for and on account of said joint purchase, to wit, one-half of the auctioneer's charges, and ten per cent of the purchase-money of said premises, according to the terms of the auction sale of said premises, and the plaintiff offered to secure jointly with him the bonds and mortgages, as required by the terms of the auction sale; that the defendant refused to accept the said tender, and refused to permit the plaintiff to participate in the said joint purchase of said premises; that the defendant, under a modification of the injunction order issued in the action upon the complaint, had taken a conveyance of the land in his own name. Upon referring to the complaint in the action to which reference is made in the findings, it further appears that it was a part of the verbal agreement between the parties that the defendant should do the bidding for and on behalf of the parties for the lots in question; that the bid should be taken in his name; that the deed

should be taken in the joint names of the parties to the action as tenants in common, and that the bonds and mortgages, pursuant to the terms of sale, should be executed by both parties. The reasonable conclusion to be drawn from these facts, as a whole, is that the parties, being present in the sales-room at a sale by auction of real estate, made a verbal agreement to the effect that the defendant, in his own name, should bid off the land in question, pay the sums to the auctioneer and vendor required by the conditions of the sale, and enter into a written contract for the purchase of the land in pursuance of his bid and the terms of sale, and that the lands should be conveyed to both as tenants in common ; that the plaintiff should presently refund to the defendant the one-half of the money paid by him, and that both parties, upon the receipt of the conveyance, should join in the bonds and mortgages required to be given ; that the defendant did bid off the lots, pay the money required by the terms of sale, and enter into a valid contract in writing for the purchase of the lots, in accordance with the bid and terms of sale. That such contract was made, appears from the finding that the purchase was effected, as it clearly appears that no conveyance was taken, and, in the absence of both, no purchase, in a legal sense, was effected. That the defendant paid the money required by his bid appears from the fact that the plaintiff tendered one-half of the amount to him instead of paying it to the auctioneer and vendor. That the contract was in the defendant's name, appears from the fact that the action is against him, to enforce the plaintiff's right to an equal share in the lots with him, omitting to make the vendor a party, which would have been done had the contract been in the names of both. Indeed, there is no intimation of the latter fact in the pleadings, testimony or findings of fact. That all that was done by the defendant, down to the refusal of the tender, was in accordance with the verbal agreement, appears from the uncontradicted evidence of the parties that both were present during the transaction, and no suggestion was made by the plaintiff of anything wrong connected with it.

prior to such refusal. The appellant's counsel further insists that, assuming that the bid was consummated by a valid contract for a conveyance, and further assuming that the verbal contract between the parties was valid, an action could not be maintained by the plaintiff against the defendant while the contract remained executory. In this position I cannot concur. The doctrine is well settled in equity that when a valid contract for the sale and conveyance of land is made, the purchaser is regarded as the equitable owner of the land, and therefore equity will enforce the performance of any valid agreement in relation to the contract evidencing such equitable title. This brings us to the real question in the case; that is, whether equity will enforce a verbal agreement between parties, by which one agrees to bid off in his own name and enter into a contract for the purchase of land, pay from his own funds the necessary amount for that purpose for the joint benefit of both, the other presently reimbursing one-half of the money so paid. This is, I think, a fair statement of the case. The only other inference, at all variant therefrom, would be that the agreement of the defendant required him, after bidding off the land, to take the contract for the purchase in the names of both. If this be conceded to be the true construction of the contract, it would not affect the principle governing the case. It is insisted by the counsel for the respondent that the agreement is not within the eighth section of the statute of frauds (2 R. S., 135), for the reason that there was no agreement for the sale by the defendant of an interest in the lots to the plaintiff; that the agreement between the parties was that they should together contract for the purchase of the land for their joint benefit, and that the only sale contemplated was not from one party to the other, but one from the then owner to both parties. But this does not meet the difficulty. If no valid contract for a purchase had been made, the plaintiff would have had no remedy against the defendant, although the failure to make such contract was wholly from the default of the defendant. In other words, an action will not lie by

one party against another for the breach of a verbal agreement to unite with him in the purchase of a designated piece of land, the title to be taken by them in common. No purchase having been made, such an agreement would come within the eighth section, as no party can be charged for the breach of a contract to purchase lands when there has been no contract made for the sale. Had the defendant, after making the agreement with the plaintiff to bid off the lots in his own name, refused to bid at all thereon, in consequence of which the lots were sold to another, the plaintiff would have had no remedy against the defendant. It was not until the defendant, pursuant to the contract, had bid off the land and made a valid contract for the purchase that the plaintiff could have acquired any rights, as the previous agreement was void by the statute. If the plaintiff acquired any interest in the contract for the purchase of the lots made by the defendant, or in the equitable title of the land thereby acquired, it was upon the ground that such contract was obtained pursuant to the agreement of the parties, and that, together with the equitable title, was held by the defendant, under the agreement, for the benefit of both parties. Precisely here the plaintiff encounters the sixth section of the statute, which provides that no estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, etc., unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing. This section precludes the idea that when the defendant secured the contract for the purchase, and the equitable title to the land thereunder, any trust attached thereto in favor of the plaintiff. This view is fully sustained by *Smith* v. *Burnham* (3 Sumner, 435), where the authorities are elaborately reviewed by Judge Story. (2 Story's Eq., § 1201*a*; Sug. on Vendors, 911, and cases cited.) The counsel for respondent insists that *Smith* v. *Burnham*, and the

cases cited by the judge, cannot be regarded as authority upon the point under consideration, for the reason that those cases come under the English statute, and the statutes of States differing from our statute. An examination will show that there is no material difference in respect to trusts sustained by verbal agreements, only a trust in the defendant in favor of the plaintiff cannot be supported upon sections 50 and 53 (1 R. S., 728), for the reason that the latter paid no part of the consideration-money paid upon the contract. It was urged by the counsel that an agreement between partners to purchase and sell lands for their mutual benefit was valid by parol. It is unnecessary to consider this question, as there was no partnership between these parties. The agreement was for the purchase only, the title to be taken in common. It is clear that such an agreement does not constitute a partnership. (*Sage* v. *Sherman*, 2 Com., 418.) The counsel for the respondent insists that the statute cannot be invoked as a shield to protect a party in the perpetration of a fraud, and cites *Ryan* v. *Dox* (34 N. Y.), and other cases in support of his position. The position, rightly understood, is correct. This is the basis upon which the doctrine of the specific performance of verbal contracts for the purchase of real estate by courts of equity in cases of part performance rests. Upon this principle, where a party whose lands were about to be sold by judicial sale, has agreed with another to loan him money, and bid off and hold the land as a security for the money, and the agreement has been consummated, the vendor has been held to hold the title so acquired as a mortgagee in equity. Upon these grounds *Ryan* v. *Dox* was decided. But no case can be found where a contract has been taken out of the statute in favor of a party who had no existing interest in the property, who had done no act of part performance, who had parted with nothing under the contract, simply upon the ground that the other party was guilty of a fraud in refusing to perform his verbal agreement. That is all there is of this case, except the offer of performance by the plaintiff. To hold that to be sufficient, to take the case out of the statute,

would repeal it.   Care must be taken that this is not done, under an idea that as the statute was enacted to prevent fraud, it cannot be applied to cases where it appears that, in a moral sense, a party is attempting to perpetrate a fraud.   A party, in no legal sense, commits a fraud by refusing to perform a contract void by its provisions.   He has not, in that sense, made a contract, and has a perfect right both at law and in equity to refuse performance.   But where the party seeking performance has partly performed, or has, as in the case of *Ryan* v. *Dox*, parted with valuable property upon the faith of the contract, the case is different.   In such cases, equity will not permit a party to retain property obtained on the faith of a verbal contract, to consummate a fraud by retaining the property and refusing to perform the contract. The judgment appealed from must be reversed and a new trial ordered, costs to abide the event.

All concurring, judgment reversed.