MARY BAUMAN, RESPONDENT, *v.* LUDWIG HOLZHAUSEN, APPELLANT.

*Statute of frauds — when an oral agreement for the purchase of land is void.*

On the morning before a sale was made of certain real estate, under a decree of foreclosure entered in an action to which the plaintiff in this action was a party defendant (though it was not shown that she had any interest in or lien upon the premises) the plaintiff and defendant in this action entered into a verbal agreement by which the defendant agreed to buy the property at the sale and thereafter sell and convey the same to the plaintiff at a price named. The defendant having bought the premises and refused to convey them to the plaintiff, the latter brought an action for specific performance.

*Held,* that the agreement was void under the statute of frauds, and that the action could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*John H. Clayton,* for the appellant.

*J. L. Overend,* for the respondent.

GILBERT, J.:

The object of this action is to compel the performance of a parol contract for the sale of lands. Both parties testified on the trial respecting the terms of the contract. The premises were advertised to be sold under a judgment of foreclosure. The complaint contains an averment that the plaintiff " was a party defendant in the foreclosure suit, for the purpose of cutting off her rights, interests and lien in and on said premises." But no evidence was given that

she had any interest in, or lien upon the premises, nor was the existence of any such interest or lien found by the trial court. The plaintiff testified that the morning before the sale, the defendant, in a verbal conversation, promised her as follows: "I will buy the house, deed it to you, and take a mortgage on it, for a hundred dollars." The defendant testified that the plaintiff said, "you buy the property, and sell it to me in four weeks, and I will give you your money, and a hundred dollars profit for your trouble, and pay the costs," and that he promised to do so. Taking either version, the contract was one for the sale of lands, and not being in writing, it was within the statute of frauds, and void. (2 R. S., 134, 135, §§ 6, 8.) It does not aid the plaintiff to call the transaction an employment of the defendant as her agent to make the purchase for her. Sugden states the rule that in such a case if the agent buys for himself and denies the trust, and no part of the purchase money is paid by the principal, he cannot compel the agent to convey to him, as that would be directly in the teeth of the statute of frauds. (Sug. V. & P., ch. 21, § 2, ¶ 12.) Chancellor KENT held the same doctrine in *Botsford* v. *Burr* (2 Johns. Ch., 405), which was decided in 1817. The rule has often been affirmed, and still remains unshaken. In no case can a trust arise by implication of law where one had undertaken by parol to purchase for another, but purchased for himself, unless the supposed *cestui que trust* paid the consideration of the purchase, or some part thereof, or there had been a part performance of the parol agreement. (*Steere* v. *Steere*, 5 Johns. Ch., 1, 19; Story's Eq. Jur., § 1201 *a* ; *Lathrop* v. *Hoyt*, 7 Barb., 59 ; *Levy* v. *Brush*, 45 N. Y., 589; *Wheeler* v. *Reynolds*, 66 id., 227.) It is no doubt a principle of equity that a man can not become the purchaser of lands for himself, where he has a duty to perform which is inconsistent with the character of purchaser. But that principle is not applicable to this case, because: 1. The parol agreement being void, was ineffectual for any purpose. It neither imposed a duty nor created an obligation in law or in equity. 2. By the terms of the parol agreement the defendant was to become the nominal purchaser. That is a necessary conclusion from the testimony and from the nature of the transaction. For it cannot be supposed that the defendant consented that the property should be conveyed to the plaintiff before the payment by her

of the consideration therefor. There are cases also .in which persons, in positions similar to that of the defendant, have been made trustees *ex malificio* of property which they had purchased at judicial sales pursuant to parol agreements with the owner thereof to buy the same for his benefit. Such are the cases of *Brown* v. *Lynch* (1 Paige, 147), and *Ryan* v. *Dox* (34 N. Y., 307), and kindred cases. But in all those cases the parol agreement was taken out of the statute of frauds to prevent the accomplishment of a fraud, whereby the owner of the property would be deprived of a valuable interest therein, which it was the object of the parol agreement to protect. The cases also rest partly upon the rule that the specific performance of contracts will be enforced in cases of part performance thereof. That rule forms a qualification of the statute of frauds. (2 R. S., 135, § 10.) "But no case can be found," says GROVER, J., in *Levy* v. *Brush* (*supra*), "where a contract has been taken out of the statute in favor of a party who had no existing interest in the property, who had done no act of part performance, who had parted with nothing under the contract, simply upon the ground that the other party was guilty of a fraud in refusing to perform his verbal agreement." These remarks are strictly pertinent to the facts of this case. The plaintiff has parted with nothing, nor has she done any act of part performance. The defendant's refusal to perform his parol agreement constitutes no fraud upon her, for the reason that the agreement, being void, conferred no rights upon her and imposed no duty on the defendant. Neither a court of law or equity can redress the moral wrong (if any) of the defendant's conduct.

The judgment is plainly erroneous, and it should be reversed, and a new trial granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.