TIMOTHY W. GOODING, Appellant, v. SPENCER A. BROWN and Others, Respondents.*

*Agreement for the devise of property by a will — it is void, if not expressed in writing.*

On or about July 16, 1881, the plaintiff and one Wells Gooding, who were brothers, and who then owned certain real and personal property as tenants in common, made an oral agreement by which it was agreed that each should by his will devise and bequeath to the other all his property, except that Wells should bequeath to their sister $10,000 of his property. Wills, disposing of the property as provided in the agreement, were at that time executed and deposited with the attorney who drew them. The sister died in 1880. Thereafter Wells took his will away from the attorney, and upon his death, in 1881, no will made by him could be found. Upon the trial of this action, brought by the plaintiff against his brother's heirs-at-law and next of kin to have the will established, or to compel the defendants to release and convey to him such rights and interests as he would have acquired under the agreement if it had been fulfilled, the court found that the will had been destroyed and revoked by Wells and that he died intestate.

*Held,* that the action could not be maintained; that the agreement sought to be enforced was in effect an agreement to sell and convey land in a specified manner, *e. g.,* by will, and was void under the statute of frauds because not reduced to writing.

Appeal from a judgment dismissing the complaint on the merits, entered on a decision made at the Ontario Special Term.

*J. Henry Metcalf* and *W. F. Cogswell,* for the appellant.

*E. M. Morse* and *E. G. Lapham,* for the respondents.

Bradley, J :

The plaintiff and Wells Gooding were brothers, and owned property, real and personal, as tenants in common. They had a sister, Angeline Gooding. And on or about the 16th day of July, 1881, they, by oral agreement, mutually agreed that each of them should, by will, devise and bequeath to the other all his property, except that Wells Gooding should bequeath to the sister $10,000 of his property. The wills were, about that time, duly executed by them respectively in accordance with that arrangement, and deposited with their attorney who drew them. The sister died in January, 1880. After her death, and in the summer of the same

---

*See *post,* page 153.

year, Wells Gooding called for, received and took away his will, and he died in July, 1881. No will made by him could be found. And the trial court found (and such finding is supported by the evidence) that Wells Gooding revoked his will by destroying it, and died intestate. This action is brought against his heirs and next of kin. And the relief prayed for by the complaint is, that the will of Wells Gooding be established and proved, and in the event that that cannot be done, that the plaintiff have judgment directing the defendants to release and convey to him all their rights, title and interest in the estate, real and personal, which Wells Gooding owned and had at the time of his death, so as to vest in the plaintiff title to it as effectually as the devise and bequest by the will would have done if it had been and become operative by probate and record after his death. There is no support for the proposition to establish and prove the will.

The contention of the learned counsel for the plaintiff is, that the agreement before mentioned was valid and effectual to afford the relief sought. This action is, in its nature, one for specific performance of that agreement. The mutual promises of the two brothers constituted the only consideration for the agreement, and that was sufficient. But the sufficiency of consideration does not necessarily render the agreement valid. We shall assume that the plaintiff is entitled to the relief, if the agreement, as made, imposed on the parties to it any legal obligation to observe and perform its provisions. The parties then owned real and personal property amounting in value to about $100,000, and Wells Gooding continued to own his portion of it to the time of his death. This agreement on the part of Wells Gooding was, that on his death the plaintiff, if his survivor, should take by devise and bequest all his property, subject only to the bequest of $10,000 to the sister. This, in practical effect, was an agreement to sell the property and to vest title in that particular manner. It was within the statute of frauds and void, and unless there was such part performance as to bring it within the rule which supports the right in such cases to enforce performance, it is difficult to see any right of action in the plaintiff. Nothing can be regarded as requisite part performance to take such agreement out of the operation of the statute of frauds, which does not place the party seeking relief in a situation which is a fraud

upon him, unless the execution of the contract be required in his behalf and for his protection. (2 Story's Eq. Juris., § 761.; *Phillips* v. *Thompson*, 1 Johns. Ch., 149 ; *Parkhurst* v. *Van Cortland*, 14 Johns., 15, 35 ; *Wheeler* v. *Reynolds*, 66 N. Y., 227 ; *Winchell* v. *Winchell*, 17 N. Y. Weekly Dig., 104 ; *Levy* v. *Brush*, 45 N. Y., 589 ; *Dung* v. *Parker*, 52 id., 494.

The agreement here was executory ; no rights of property could vest until the devise and bequest became effectual by the decease of, the party making the will. The fact that the plaintiff executed a will does not establish performance of the contract on his part so as to divest himself of any rights of property, nor did it place him in a situation from which he could not retreat without prejudice to any rights existing at the time the agreement was made. The revocation by Wells Gooding of his will, was a mere failure on his part to transfer his property by will to the plaintiff. The latter lost nothing by the agreement or by any part performance of it, he simply failed to acquire by devise the estate of his brother. The element of fraud which equity will recognize in support of the right to execution of a contract within the statute, does not appear in this case. (*Gould* v. *Mansfield*, 103 Mass., 408.)

The disposition of property by will for legitimate purposes, may be the subject of a valid and effectual contract. In *Johnson* v. *Hubbell* (2 *Stockton* [10 N. J. Eq.], 332; S. C., 5 Am. Law. Reg., 177), the mother died intestate, leaving real estate and a son and daughter. By the law of New Jersey, in such case, the son would take two-thirds and the daughter one-third. The father agreed with the son that if he would make his sister equal with him in the mother's estate, he would, by his will, give them his estate in equal shares. The son in performance of the agreement, did so release to his sister as to make their interests equal in the mother's estate. The father afterwards died leaving his will, by which he gave the daughter and her children most of his estate and the son nothing.

The son brought the action for specific performance. The court held that the agreement was valid and effectual, but sustained a demurrer to the bill, because intervening rights had rendered the specific performance of the contract impracticable. There was a complete performance of the agreement by the son by release of property, and the undertaking of the father was one the law would enforce

in behalf of the son, and it was a fraud on the latter to deny him the benefits of the agreement which had induced him, in execution of it, to convey his property to another. In that case the parol contract was fully executed by him on the faith of the promise of his father. In *Parsell* v. *Stryker* (41 N. Y., 480) the testator by agreement in writing with the plaintiff, upon certain considerations expressed, agreed to devise by his will his farm to the latter. He failed to do so, but before his death conveyed the premises to one of the defendants, took a mortgage to secure the purchase-money, and assigned that to another defendant. The action was brought to compel the first mentioned defendant to convey in performance of the testator's agreement, and for discharge of the mortgage as against the other defendant.

It appearing that the defendants were chargeable with notice of the contract with the plaintiff, the relief was given by the court. The court said that "the agreement was in legal effect a sale and purchase of the farm."

In *Podmore* v. *Gunning* (7 Simons, 644), the testator devised and bequeathed his property to his wife, and inserted in the will this provision: "Having perfect confidence that she will act up to those views which I have communicated to her in the ultimate disposal of my property after her decease," etc. And it was alleged that the oral directions given by him to her were that she should will the property to certain persons named. The court held that such directions would be effectual to create a trust in his devisee in behalf of such persons, but dismissed the bill because they were not established by the evidence. The proof of the facts alleged would have shown the existence of a valid trust in behalf of the alleged beneficiaries.

The propositions stated by the courts in those cases rest on sound and well settled principles. To support an undertaking to make a particular and legal disposition of property by will, or to make payment in that manner, the agreement by which it is assumed must be valid in its inception, or become effectual by the requisite part performance to bring it within the rule before mentioned. And a trust not expressed in the will may be created by parol under certain circumstances. (*Stephens* v. *Reynolds*, 6 N. Y., 454; *Williams* v. *Fitch*, 18 id., 546; *Todd* v. *Weber*, 95 id., 181; *Matter*

*of Will of O'Hara*, Id., 403; *Sherman v. Scott*, 27 Hun, 331.) The circumstances under which a trust in that manner is effectually created, are such that the defeat of the trust will in equity be treated as fraud.

In *Williams* v. *Fitch*, the testator relinquished his expressed purpose to alter his will, so as to make certain, the payment of the full amount of specified legacies, by reason of the promise of the devisee to pay them in full if the assets should be insufficient. The latter was deemed trustee, and required to pay the deficiency out of the estate devised to him.

In *Matter of O'Hara's Will*, the testatrix devised and bequeathed her estate to persons in terms unqualified by the will, with their acquiescence in her declared purpose and expectation that they would take and apply it for the benefit of others. *Held*, that those to whom the devise and bequest were so made did not take as beneficiaries, but as trustees only.

And in *Sherman* v. *Scott*, the testatrix received title to property under a parol arrangement with a person through whom she received it, that she should give him a life estate in it, and devise the residue to him by will if he survived her. He did survive her and she died intestate. *Held*, that the agreement was valid, and the court effectuated its purpose. The doctrine of none of the cases cited has any application to the one at bar. The claim of the plaintiff for relief has no support, except such as is given by the provisions of the alleged agreement, and they are valueless in themselves. The rights of property of neither of the parties to the agreement, during the life of Wells Gooding, were disturbed or in any manner affected by it, or by reason of it. The agreement took nothing from the plaintiff, and the failure of his brother to perform it divested him of expectation only.

The judgment should be affirmed, with costs.

HAIGHT, ANGLE and CHILDS, JJ., concurred.

Judgment affirmed, with costs.