WATSON *et al. v.* PINCKNEY *et al.*

(*Superior Court of New York City, General Term.*    May 2, 1892.)

1. STATUTE OF FRAUDS—PROMISE TO HOLD IN TRUST.

Testator directed that his real estate be sold after the death of his wife, and the proceeds divided among his children. The children brought a suit against the widow, alleging that their father was a real-estate dealer, and, for business reasons, was in the habit of causing property purchased by him to be conveyed to the wife, on the promise and understanding on her part that she would hold the same to the use of himself, and of his and her children after his death, and asked that certain pieces of property, so conveyed to his wife, be adjudged a part of his estate. *Held,* that any such oral promise, if made, would have been void.

2. SAME—ORAL TRUST.

In such case no trust attached to the property so conveyed to the wife.

3. CONVEYANCE TO WIFE BY THIRD PERSON—PRESUMPTIONS.

If any presumption against the conveyances to the wife, as a gift from the husband, existed, it was repelled by the testimony of the wife, called as a witness by plaintiffs, corroborated by circumstances, that her husband acted voluntarily, without influence from her.

Appeal from special term.

Action by Victoria P. Watson and others against Mary L. Pinckney and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

*William J. Hardy,* for appellants. *Samuel R. Jones,* for respondent Gross. *A. H. Ammidown,* for other respondents.

PER CURIAM. The plaintiffs are children, and issue of children, of Isaac L. Pinckney. Isaac L. Pinckney made his last will and testament, and it was admitted to probate in the year 1867. His wife was named as sole executrix, and letters testamentary were issued to her. She was named a defendant in this action. The sixth subdivision of the will is: "* * * I hereby direct that, upon the death of said executrix, my real estate, or such part thereof as shall remain unsold, be sold, at public or private sale, and the proceeds thereof, together with all my property and effects of every nature or description, be divided, share and share alike, among my children living, or, in case either shall have died leaving issue, then the child or children shall take its parent's share." The object of the suit was to have it adjudged that certain pieces of real estate, standing in the name of the widow of Pinckney and the executrix of his will, equitably were part of his real estate when he died. These pieces have been duly conveyed to her by third persons, at the request of her husband, he paying the consideration. As the ground for the relief asked, the complaint alleges as follows: "(4) That during his lifetime, and from the date of his intermarriage, in or about February 1, 1834, with the said Henrietta Pinckney, the testator lived with her (until his death) in the intimate and confidential relation of husband and wife; and that in course of such relations, and by reason of the confidence reposed by the testator in his said wife, the said testator, who carried on at said city of New York the business of buying and selling real estate, adopted and pursued the course and practice of causing conveyances of such real estate so purchased by him to be made in the name of the said Henrietta Pinckney, as grantee; but that it was not the intention of the said testator, nor of his said wife, that such conveyances should operate as gifts or grants to the said Henrietta Pinckney absolutely, but, on the contrary thereof, it was mutually understood and agreed between the said testator and his said wife that all such real estate so purchased by him, and conveyed to her, should be held by her subject to the use, direction, and control of the testator during his lifetime, and to such appointment, if any, as he might make by his last will and testament; and that after his death she should stand seised of all such properties as she should not have conveyed pursuant to his directions during his lifetime, to the use

and benefit of the issue of himself and his said wife in such estates, interests, and shares respectively, as they would be entitled to (the same) in case the said testator had died seised and actually possessed of the same; and that all such grants and conveyances of realty, which were so caused to be made to the said Henrietta Pinckney by the said testator, and more particularly the grants and conveyances of the lands and tenements hereinafter more particularly described, were so caused to be made by the testator, and accepted by her upon the promise and understanding on her part that she should and would hold the same to the uses and purposes aforesaid."

As to the supposed promise, it was not proved. If it had been proved, it would have been void. This also is true of the so-called trust. If you suppose such an oral promise or oral trust to have been made, it would not have been a fraud to refuse to recognize the validity of either. *Levy* v. *Brush*, 45 N. Y. 589. It is supposed that, as the gift was made by husband to wife, there was some presumption of law against the gift which requires the wife to explain something. Conceding this proposition, the wife, as a witness called by the plaintiffs and corroborated by probabilities and extrinsic circumstances, proved that her husband acted voluntarily, without influence from her. The inference from the whole testimony is that he did intentionally what he did, meaning that it should have its full legal effect. The rights of the parties as to the Third avenue property are in due course of administration and adjudication in the surrogate's court, and there is no occasion for this court to proceed here, if it would be legal to proceed under the circumstances. Judgment affirmed, with costs.