Per Curiam.
The plaintiffs are children and issue of children of Isaac L. Pinckney. Isaac L. Pinckney made his last will and testament and it was admitted to probate in the year 1867. His wife wras named as sole executrix, and letters testamentary were issued to her. She was named a defendant in this action. The sixth subdivision of the will is : * * * “I hereby direct that upon the death of said executrix, my real estate, or such part thereof as shall remain unsold, be sold at public or private sale and the proceeds thereof, together Avith all my property and effects of every nature or description, be divided share and share alike among my children living, or in case either shall have died leaving issue, then the child or children shall take its parent’s share.
The object of the suit was to have it adjudged that *204 certain pieces of real estate, standing in the name of the widow of Pinckney and the executrix of his will, equitably were part of his real estate when he died. These pieces have been duly conveyed to her by third persons at the request of her husband, he paying the consideration.
As the ground for the relief asked, the complaint alleges, as follows: ■ ■
IV. That during his life-time and from the date of his intermarriage in or about February 1,1834, with the said Henrietta Pinckney, the testator lived with her (until his death) in the intimáte and confidential relation of husband and wife ; and that in course of such relations and by reason of the confidence reposed by the testator in his said wife, the said testator who carried on at said city of New York the business of buying and selling real estate adopted and pursued the course and practice of causing conveyances of such real estate so purchased by him to be made in the name of the said Henrietta Pinckney as grantee ; but that it was not the intention of the said testator nor of his said wife, that such conveyances should operate as gifts or grants to the said Henrietta Pinckney, absolutely; but on the contrary thereof it was mutually understood and agreed between the said testator and his said wife, that all such real estate so purchased by him and conveyed to her should be held by her subject to the use, direction and control of the testator during his life-time, and to such appointment, if any, as he might make by his last will and testament; and that after his death, she should stand seized of all such properties as she should not have conveyed pursuant to his directions during his life-time, to the use and benefit of the issue of himself and his said wife in such estates, interests and shares, respectively, as they would be entitled to (the same) in case the said testator had died seized and actually possessed of the same; and that all such grants and conveyances of realty which were so caused to be made *205 to the said Henrietta Pinckney hy the said testator and more particularly the grants and conveyances of the lands and tenements hereinafter more particularly described were so caused to he made by the testator and accepted by her upon the promise and understanding on her part that she should and would hold the same to the uses and purposes aforesaid.
As to the supposed promise, it was not proved. If it had been proved, it would have been void. This also is true of the so called trust: if you suppose such an oral promise or oral trust to have been made, it would not have been a fraud to refuse to recognize the validity of either. Levy v. Brush, 45 N. Y., 589. It is supposed that as the gift.was made by husband to wife, there was some presumption of law against the gift which requires the wife to explain something. Conceding this proposition, the wife as a witness called hy the plaintiffs, and corroborated by probabilities, and extrinsic circumstances, proved that her husband acted voluntarily without influence from her. The inference from the whole testimony is that he did intentionally what he did, meaning that it should have its full legal effect.
The right of the parties as to the Third avenue property are in due course of administration and adjudication in the Surrogate’s Court, and there is no occasion for this court to proceed here if it would be legal to proceed under the circumstances.
Judgment affirmed, with costs.