Mr. Justice Hagner
delivered the opinion of the Court:
This is a suit at law by the plaintiff against the defendant, upon, her note dated March 12, 1887, for $100, payable on demand to the order of Henry Kraak, at the National Bank of Washington, with interest until paid.
The declaration is in the usual form.
The defendant pleaded general issue, and also a plea in set-off, which alleged the plaintiff was indebted to her in a like sum of $100, which, in the particulars of defence, is described as a check made by the defendant to the order of the plaintiff contemporaneously with the note, for that amount.
At the trial the plaintiff proved the note and rested. Thereupon the defendant testified that on the 12th day of March, 1887, the day the note was given, the plaintiff came to her and asked her'to sell him her house and lot, and offered her therefor the sum of $4,000; that she agreed to accept the offer; and it was then agreed between them that the sale should be consummated on or before the 20th day of March, 1887, and further that the plaintiff and defendant should each deposit with Charles A. James, the cashier of the National Bank of Washington, the sum of $100 to be forfeited by either party who should fail to perform his part of the contract to the party able and willing to perform it on his or her part; that upon this agreement the defendant executed the note sued on and the plaintiff executed his check for the sum of $100, and both were then delivered to James, the cashier, to hold in escrow upon the conditions above mentioned; that the contract for the sale of the land was entirely in parol, the only papers signed being the note and the check, neither of which contained any reference to the contract. ' ' :
*102 The defendant further testified that the plaintiff did not perform his said oral agreement on the 20th day of March, 1887, but made default therein; but that afterwards, about the 29th day of March, the plaintiff offered to perform his contract by taking the real estate and paying the sum of $4,000.
There the defendant rested.
The plaintiff then gave evidence tending to show, that there was no time fixed for the performance of the contract except such as was necessary for an examination of the title; that on the 12th of March the plaintiff and defendant went to the Real Estate Title Company’s office, and the plaintiff ordered an abstract of title, which the company agreed to furnish by the 20th of March; that the company did not furnish it until the 27th of March, and thereupon the plaintiff offered to comply with the terms of the agreement by offering on that day to pay for the property, but that the defendant refused to convey the land.
The only other evidence was that of Mr. James, who testified that when the papers were left with him, he heard nothing said with reference to the limitation to the 20th day of March as the date when the contract should be consummated.
Thereupop, upon application of’the defendant, the court below directed the jury to find a verdict for the defendant.
The ground of the defence was that the note having been given only as a forfeit for the non-performance of a parol contract respecting the sale of land was, therefore, without consideration and incapable of sustaining a recovery.
The question has been very well argued by counsel on both sides, and being an interesting one, we have given it full attention.
As a matter of course, the verbal contract between the plaintiff and the defendant was distinctly within the 4th paragraph of the section 4, of the Statute of Frauds; and therefore was totally void and incapable of being enforced or taken cognizance of by any court except by decree for *103 a specific performance upon such proof of part payment as is recognized as sufficient by a court of equity. The note of the defendant was, therefore, given to secure the execution of a void agreement- — -in other words of no agreement at all; and hence was equally void, as without consideration. We think this position is clear from a proper consideration of the authorities, notwithstanding its apparent conflict with some of those quoted by counsel for the plaintiff. In Browne on the Statute of Frauds, Sec. 134, in illustrating the results of the invalidity of parol contracts for the sale of land, the author says:
“This case, Carrington vs. Roots, 2 Mees. & Welsby, 248, affords a very clear exemplification of the general rule which may be here reasserted, that no action can be brought to charge the defendant in any way upon a verbal agreement not put in writing according to the statute. And it may be briefly illustrated further. If land be sold at auction or otherwise, and no memorandum made, and the purchaser refuses to take it, no action will lie against him to recover the loss sustained upon a second sale to another party; this could be done, manifestly, only upon the ground that he was originally legally liable to take and pay for the land himself. Nor will a discharge from performing a verbal contract within the statute be a sufficient consideration to support another'engagement. No action whatever could have been maintained against the defendant for any breach of that contract. A discharge from it, therefore, is of no use to him. And upon exactly the same principle, an engagement to forfeit a certain sum of money, in case of failing to perform another engagement which, within the 'Statute of Frauds, could not itself be enforced, is not enforceable by the party to whom it is made.”
“So where the defendant agreed to take up certain notes and receive a conveyance of land which a third party had verbally engaged to give, the defendant’s promise was held void for want of consideration.”
This is the principle decided in the case of Goodrich vs. *104 Nickols, 2 Root (Conn.), 498, which seems to be directly applicable to the case under consideration.
To the same effect is the case of Rice vs. Peet (15 Johnson, 502). There two parties agreed verbally to exchange their farms, and one of them delivered to the other a note which had been given to him by a third person to be forfeited in case he should not comply with the contract. He failed to comply; whereupon the other party went to the drawer of the note and collected the money. The plaintiff in the case thereupon brought suit for the money thus collected and it was held that he could recover the money. The court after examining other points said:
“There is another ground on which the plaintiff had good right to recover the money received by the defendant on that note. It was received by the defendant without consideration; the contract for the exchange of farms was void by the Statute of Frauds, being by parol only.”
The case of Levy vs. Brush, 45 N. Y., 589, is a very instructive one. Two parties agreed that one of them should attend an auction and purchase a piece of land which was to be there offered for sale. The person who was to bid it off was to pay for it, and then it was to be held jointly for the two, and the second party was to reimburse the purchaser one-half the money so paid. At the auction he did buy the land, but signed no note of the purchase, and the auctioneer failed to make any memorandum of the transaction, so that the contract of sale was entirely verbal and void under the Statute of Frauds. The purchaser who had thus possessed himself of the land under this agreement refused to make good his contract with the other party, who filed a bill to compel him to receive one-half of the money and convey one-half of the land. The relief was refused upon the ground that the contract of sale of the land at the auction, in the absence of an agreement or memorandum or note thereof, was totally void under the Statute of Frauds and therefore the collateral agreement, so called, to divide the land when bought, was also void and could not be enforced. The court said (p. 594):
*105 “If no valid contract for purchase had been made, the plaintiff would have had no remedy against-the defendant, although the failure to make such contract was wholly from the default of the defendant. In other words; an action will not lie by one party against another for the breach of a verbal agreement to unite with him in the purchase of a designated piece 'of land, the title to be taken by them in common. No purchase having been made, such an agreement would come within the statute, &c.”
Again, the court, replying to an argument advanced by counsel for the plaintiff, that the statute cannot be invoked as a shield to protcet a party in the perpetration of a fraud, says:
“But no case can be found where a contract has been taken out of the statute in favor of a party who had no existing interest in the property, who had done no act of part performance, who had parted with nothing under the contract, simply upon the ground that the other party was guilty of a fraud in refusing to perform his verbal agreement. That is all there is of this case, except the offer of performance by the plaintiff. To hold that to be sufficient to take the case out of the statute, would repeal it. Care must be taken that this is not done, under an idea that as the statute was enacted to prevent fraud, it cannot be applied to cases where it appears that, in a moral sensé, a party is attempting to perpetrate a fraud. A party, in no legal sense, commits a fraud by refusing to perform a contract void by its provisions. He has not, in that sense, made a contract, and has a perfect right, both at law and in equity, to refuse performance.”
This case is cited with approbation by the Supreme Court in the case of Howland vs. Blake, 97 U. S., 628.
The authorities cited by the plaintiff do not impugn this principle. It is true, a parol agreement collateral to a written contract concerning the sale of interests in lands, and not interfering with its terms, is not void under the statute. Such was the case of Morgan vs. Griffith, L. R., 6 Exch., *106 70, where a landlord who had given a written lease after-wards agreed with the tenant that he would keep down the rabbits that were overrunning the crops. Upon failure to do so, the tenant brought suit upon the collateral agreement, and it was held it might be established by parol.
This and a similar case, Erskine vs. Adeane, 8 Chancery Appeals Cases, 756, and many others to the same effect, were relied on in the case of Raub vs. Barbour, 6 Mackey, 245, where it was decided that a lessee under a written lease which gave him power to assign his term, might be held answerable under a contemporaneous verbal promise to divide with the lessor whatever profits he might make by the assignment. But such recognized collateral verbal agreements presuppose the existence of valid existing contracts, to which they are suppletory. If the principal agreement is void and not capable of being enforced, it is not easy to see how a penalty can lawfully be enforced for its non-performance. If there are any cases apparently to the contrary, they must have been governed by some other principle.
An additional reason why the plaintiff could not recover is that the -contract was conditional. Payment was to be made and deed given on the 20th of March, on which day the defendant was ready to comply with the terms of the contract; but the plaintiff failed to do so. The excuse that he offered to comply on the 27th or 29th of March, was no more a legal performance by him of his part of the agreement than an offer to do so on the 29th of April would have been.

We think the judgment below correct, and it is affirmed.