■ J. S. GARLICK PARKSIDE MEMORIAL CHAPELS, INC., Appellant, v. MOWRY BUICK, INC. et al., Respondents.— In an action to impress a trust on a leasehold interest in certain real property, and for incidental relief, the plaintiff appeals: (1) from an order of the Supreme Court, Queens County, entered December 1, 1959, granting defendants' motion to dismiss the complaint on the ground that the action is barred by the Statute of Frauds; and (2) from so much of an order of the same court, entered December 22, 1959, granting reargument, as adhered to the original determination. Appeal from the original order, entered December 1, 1959, dismissed, without costs. (*Graffeo* v. *Graffeo,* 7 A D 2d 741.) Order entered December 22, 1959 modified by striking out the second ordering paragraph and by substituting therefor a provision denying the defendants' motion to dismiss the complaint. As so modified, order affirmed, with $10 costs and disbursements to the plaintiff. The complaint alleges an oral agreement between the parties whereby defendants were to lease the property involved for plaintiff's benefit and as agents for it and as its undisclosed principal, for which agency defendants were to receive a stated fee. The complaint further alleges that the lease was actually negotiated by plaintiff's attorney,

acting for the corporate defendant as nominal lessee, and that the lease as finally prepared was to contain and did contain terms satisfactory to plaintiff. The question as to the nature of the relationship created between the parties by their oral agreement and the question whether the Statute of Frauds is a defense, may be determined only after a trial at which all the facts are adduced. Nolan, P. J., Beldock, Pette and Brennan, JJ., concur; Ughetta, J., dissents from the modification and votes to affirm the order, with the following memorandum: Aside from the purely conclusory statements that under the oral agreements defendants were to act as agents for and in behalf of plaintiff as undisclosed principal, the complaint simply alleges that defendants would undertake to negotiate a new lease or an extension of the existing lease they then held on the property; that the new lease or extension would be for a term of not less than 40 years and would be taken in the names of defendants; that when the new lease or extension was entered into, defendants would assign it to plaintiff for a consideration of $5,000; that a new lease was entered into as contemplated; and that defendants upon demand and tender have refused to execute an assignment. Such an oral agreement to assign a long-term lease is clearly within the Statute of Frauds and is unenforcible. It is true the complaint alleges that plaintiff's attorneys were to act as attorneys for defendants in connection with the negotiations and did so act, but these allegations are largely evidentiary in nature and not material to the question here presented. The complaint contains no factual statements, such as violation of fiduciary relationship, plaintiff's possession of an interest in the property, an understanding to take the lease in plaintiff's name, or sufficient part performance, which would place the oral agreement on which the cause of action is based beyond the operation of the statute. The cause of action alleged is an obvious attempt to enforce an oral agreement to assign an interest in real property other than a lease for a term not exceeding one year, and hence the Statute of Frauds is a complete defense (*Wheeler* v. *Reynolds,* 66 N. Y. 227, 233–234; *Levy* v. *Brush,* 45 N. Y. 589, 596).