BYRNE *v.* ROMAINE.

---

Acts of part performance of a parol agreement for a new lease, will not take such agreement out of the statute of frauds, unless they are solely applicable to the parol agreement. Therefore, repairs by a tenant under his old lease to a considerable extent, upon the idea, in his own mind, of getting a new lease, formed no consideration for a promise to give a new lease.

Where a bill sets up one agreement and the answer denied it and sets up another, the bill must be dismissed, with costs; but without prejudice to another bill to obtain performance of the agreement admitted in the answer.

---

Bill for specific performance of a promise to grant an additional term of ten years of premises in the city of New-York. The bill stated that the defendant leased the premises in question to the complainant, by a lease dated the fourteenth day of January one thousand eight hundred and twenty-eight for ten years at a rent of four hundred and eighty dollars; he, the complainant intending to improve them at an expense of about three hundred and fifty dollars. That on commencing the repairs, the building was found so old and decayed that the complainant desisted—the expense being greater than such a short lease would warrant. That the complainant and defendant finally agreed that a new lease should be granted by the defendant at an encreased rent, for the ten last years, of two per cent on the rent in order to pay the taxes; and that, induced by this, the complainant, at an expense of about fifteen hundred dollars, went on and completed the repairs to the satisfaction of the defendant and when applied to for a new lease of twenty years as promised, the defendant replied, "I have no idea to " part with property in that way and you may be very thank-" ful if I give you a lease for fifteen years." That the complainant, about the ninth day of July one thousand eight hundred and twenty-nine, made a formal offer to surrender his lease of ten years and required a lease of twenty years, stating the terms of the agreement; and to which the de-

*Feb.* 17, 1835.

*Statute of frauds.*
*Parol agreement.*
*Part performance.*

fendant replied, " I totally deny it ;" and again, on its being repeated, he said " I know nothing about it." That this was in the complainant's office ; and he left the defendant declaring he would enforce his rights ; also, that within an hour afterwards the complainant received a letter from the defendant of which the following is a copy :

" Sir,

" I am ready and willing to extend your lease of "·my house in William Street for ten years longer, upon "your giving me rent at the rate of six hundred dollars per "annum duly secured. If you accept the offer, let me know " without delay. Ninth July, 1829.

S. B. Romaine."

The defendant, in his answer, set up the statute of frauds· He denied the agreement for a new lease as alleged in the bill ; and his own propositions as to such new lease varied from what the complainant had there stated. Nor did the proofs, satisfactorily, make out the complainant's case.

Mr. *D. Selden* and Mr. *W. Mulock* for the complainant.

Mr. *Griffin*, for the defendant.

*September* 7.     THE VICE-CHANCELLOR :—Even though such an agree· ment were made for an extended lease of ten years, as is alleged by the bill, still it was by parol and within the sta- tute of frauds : and of which statute the defendant claims the benefit. There is not enough to take it out of the sta- tute. Acts of part-performance, in order to have this effect, must be solely applicable to the parol agreement : *Frame* v. *Dawson*, 14 Ves. 386 ; *Morphett* v. *Jones*, 1 Swanst. 181 ; *Phillips* v. *Thompson*, 1 J. C. R. 131, 149. Here, the alter- ations in the building which the complainant proceeded to make were in the shape of repairs ; and by the covenants in the original lease he assumed to make all necessary repairs, &c. Having commenced and removed part of the building with this view, he had no right to stop short and insist upon a new lease as an inducement for going on to complete the repairs which he was bound to make by the covenants in the lease which he already had. The improvements, by

1835.

BYRNE
v.
ROMAINE.

way of repairs, therefore, could properly form no consideration for a promise to give a new lease, so that the breach thereof would operate as a fraud upon the complainant.

But the evidence does not make out satisfactorily that such an agreement for an extended lease was made as is set up in the bill and of which the complainant seeks a performance. The defendant denies it in his answer: and the testimony of the witnesses is too vague and indefinite in regard to the true import of the conversations to be relied upon in opposition to the answer. The terms and conditions upon which the defendant proposed and agreed to grant a new lease, as admitted by the answer, are very different from those claimed by the bill and are probably the same which the witnesses speak of as being the subject of the conversations they heard.

The complainant, then, having failed to establish such an agreement as he sets up in his bill, claims to have the benefit of the agreement which the answer admits was made and according to the terms of which the defendant, at the time of filing his answer, professed to be ready and willing to give a new lease. The difficulty, however, is, in its not being a part of the complainant's case; and if he meant, in this suit, to claim the benefit of the agreement which is set forth in the answer he should have amended his bill. It would be contrary to principle and against all authority to decree performance of a contract different from the one charged in the bill: *Lynsday* v. *Lynch*, 2 Sch. & Lef. 1; and see *Willis* v. *Evans*, 2 B. & B. 228; *Legh* v. *Haverfield*, 5 Ves. 452; *Phillips* v. *Thompson*, 1 J. C. R. 146; *James* v. *M'Kernon*, 6 J. R. 559; *Pilling* v. *Armitage*, 12 Ves. 78.

If the defendant be still willing to give a new lease as profered in his answer and the complainant be ready to accept of the same upon the terms therein specified, there will be no necessity for a decree to this effect; and in case the defendant refuses to give such a lease upon a request for it, then resort may be had to a new bill. As in *Lyndsay* v. *Lynch*, the present bill must be dismissed, with costs; but without prejudice to the right of filing another, in case the complainant shall be so advised.