AARON C. WHEELER, Respondent, *v.* RUFUS C. REYNOLDS, Appellant.

A parol agreement in reference to lands, not authorized by the statute of frauds (2 R. S., §§ 6, 8), is void as well in equity as in law.

Where, in reliance upon the agreement, one party has so far partly performed that it would be a fraud upon him unless the agreement should be performed, or where the agreement attempts to create a trust and was induced by fraud, the court has equitable jurisdiction to relieve

against the fraud and to apply a remedy by enforcing the agreement. In such case, the jurisdiction is founded not upon the agreement but upon the fraud.

A part performance of a parol agreement, void by the statute of frauds, which will take it out of the operation of the statute, must be substantial, and the acts of part performance must also clearly appear to have been done solely with a view of performing the agreement.

Where a parol agreement, purporting to create a trust, is part of a scheme of fraud, or a party is fraudulently deprived of valuable rights or property by means thereof, the court will raise an implied trust, treating the person who perpetrated the fraud as trustee *ex maleficio.*

A fraud which will convert a purchaser of real estate into a trustee *ex maleficio* must be fraud at the time of the purchase, not afterwards; and the mere acquiescence or omission of another to take steps to obtain the property, although induced by faith in the purchaser's parol promise to purchase for his benefit, will not estop him from denying the trust; to work an estoppel, the promisee must have been induced, at the instance of the promissor, to incur some expense or perform some act which he otherwise would not have done.

A mere refusal to perform a parol agreement, void under the statute of frauds, is in no sense a fraud either in law or equity.

In an action for specific performance of an alleged parol agreement, plaintiff's evidence tended to show that he being the owner of premises upon which was a mortgage owned by defendant, and being insolvent, agreed by parol with defendant that the latter should foreclose his mortgage, bid in the premises and then sell or hold them until such time as they could sell them for their value, and, when sold, defendant to deduct the amount of his mortgage, with costs and expenses, and pay plaintiff the balance. It was not agreed that plaintiff should not attend the sale, or that he should prevent others from bidding. Defendant foreclosed and bid in the property; nothing was said at the sale about the agreement, and nothing said or done by defendant to prevent competition. Plaintiff did not attend the sale, but there was no proof that he omitted to attend or to procure others to attend in reliance upon the agreement, and that, but for the agreement, he or some other person procured by him could or would have bid it off. Defendant's claim, with costs and expenses, was about what the land was worth. There was no allegation or proof of fraud in the agreement or sale. Defendant took possession of the premises, paid taxes, etc., for nine years when this action was commenced, the land then having greatly increased in value. *Held,* that the alleged agreement could not be enforced either on the ground of part performance or as a parol trust.

*Ryan* v. *Dox* (34 N. Y., 307) distinguished.

(Argued April 26, 1876; decided May 23, 1876.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, denying a motion for a new trial made upon a case and exceptions under section 268 of the Code.

This action was brought to enforce the specific performance of an alleged parol agreement in reference to lands. The facts appear sufficiently in the opinion.

*John Van Voorhis* for the appellant. The agreement claimed by plaintiff was void by the statute of frauds. (2 R. S. [Edm. ed.], 139, § 6; *Lathrop* v. *Hoyt*, 7 Barb., 59; *Levy* v. *Brush*, 45 N. Y., 589; *Sturtevant* v. *Sturtevant*, 20 id., 39; 2 Story's Eq. Jur., 61 § 1201; *Getman* v. *Getman*, 1 Barb. Ch., 440.)

*Geo. H. Humphrey* for the respondent. Equity will not allow defendant to retain the property obtained on the faith of the verbal contract without performing the same on his part. (*Ryan* v. *Dox*, 34 N. Y., 307; *Church* v. *Kidd*, 3 Hun, 254.) This was not a case within the statute of frauds. (2 R. S. [Edm. ed.], 139; 2 Story's Eq., § 759; 34 N. Y., 311; *Stoddard* v. *Whiting*, 46 id., 627; *Dodge* v. *Wellman*, 43 How. Pr., 427.)

EARL, J. In 1855, the plaintiff was the owner in fee of the lands described in the complaint, and then executed to the defendant a mortgage upon the lands, which is also described in the complaint. In April, 1865, the plaintiff had become insolvent, and the mortgage remained unpaid, and he was unable to pay it. At that time, the plaintiff claims a parol agreement was made as to the foreclosure of the mortgage, which he seeks to enforce in this action. No one was present when the agreement was made, except the parties; and they are the only witnesses thereto. The defendant, as a witness, denied the agreement. The plaintiff, as a witness, stated the agreement as follows: That he went to the defendant and stated to him that he would like to have him foreclose the mortgage and bid in the land at the sale, and then sell the

land or hold it to such time until they could sell it for what it was worth; that he would do what he could toward selling the land, and that defendant should do the same; and that when the land was sold he should take out the amount due upon his mortgage, and his costs and expenses, and pay the balance to the plaintiff. This was the whole agreement as proved by the plaintiff. It was not agreed that plaintiff should not attend the sale, or that he should prevent others from attending. The judge who tried the cause found that this agreement was made, and also found that it was made by the defendant upon the consideration that the plaintiff would not attend the sale, or procure others to bid against the defendant at the sale. There was no proof whatever of such a consideration. The learned judge probably inferred it from all the facts of the case. It would, doubtless, have defeated the agreement if plaintiff had attended at the sale and bid, or if he had procured others to bid; and yet it could not be said that in either event he would have violated his agreement. The alleged agreement was wholly for his benefit, and if he had before the day of sale obtained the money to bid in the land, and thus enabled the defendant to realize all that was due him, there would have been no ground of complaint on the part of the defendant, and no breach of faith on the part of the plaintiff; so, if the plaintiff had procured other parties to bid sufficiently, the substantial purpose of the agreement would have been accomplished. The plaintiff, therefore, gave up no right which he possessed, and the defendant, by virtue of the agreement, could receive no more than his due, and obtained no right which he did not before have. The judge found that, in pursuance of this agreement, the defendant proceeded to foreclose his mortgage. There was, however, no proof that he foreclosed it in pursuance of the agreement. The defendant testified that he did not. Nothing was said at the sale about the agreement; and there was no act of either party indicating that the foreclosure was in pursuance of the agreement. Nothing was done at the sale by the defendant to prevent competition; and one or more other parties did

bid. There was no proof or finding that plaintiff omitted to attend the sale, or to procure others to attend, in reliance upon the agreement, or that the plaintiff, but for the agreement, could or would have bid off the property, or procured some one else to do so for him. The defendant bid off the property for $800, but the amount due him upon his judgment in foreclosure, including costs and expenses of sale, was about $1,800, which was substantially all the land was worth. There was no allegation in the complaint, nor proof upon the trial, of any fraud practiced by the defendant upon the plaintiff in making the agreement, or in the foreclosure of the mortgage and the sale of the land. The defendant, after the sale, took possession of the land under his deed, and retained it, and paid the taxes, and received the rents, and this suit was not commenced until nearly nine years after the sale, when the land had greatly increased in value. If, under such circumstances, this alleged parol agreement can be enforced, our statute in reference to fraudulent conveyances and contracts, relative to lands, will, in large part, be nullified.

It must be conceded that the parol agreement was of itself absolutely void and conferred no rights and imposed no obligations upon any one. But one ground upon which it is sought to maintain this action is that the agreement was partly performed so as to take it out of the statute of frauds. (2 R. S., 135, §§ 6, 10.) To have such effect the part performance must be substantial, and nothing will be considered as part performance which does not put the party into a situation which is a fraud upon him unless the agreement be fully performed; and the acts of part performance should clearly appear to be done solely with a view to the agreement being performed. Generally if they are acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement. The acts should be so clear, certain and definite in their object and design as to refer exclusively to a complete and perfect agreement, of which they are a part execution. (2 Story's Eq. Jur., §§ 761, 762;

*Phillips* v. *Thompson*, 1 Johns. Ch., 131; *Byrne* v. *Romaine*, 2 Edw., 445; *Jervis* v. *Smith*, 1 Hoffm., 470; *Wolfe* v. *Frost*, 4 Sandf. Ch., 77.) The object of the statute is to prevent frauds and perjuries, and hence courts of equity will take no notice of agreements depending upon parol evidence and otherwise within the statute, unless there are acts of part performance which go along with, relate to, and confirm the agreement, and which were clearly done in part execution thereof, and thus with the parol evidence establish the existence of the agreement. Now, what have we in this case? Every act done by the defendant was such as he had a perfect right to do by virtue of his mortgage and his deed upon the foreclosure sale, and apparently had no reference whatever to any agreement with the plaintiff. There was no act of the plaintiff which could be referred exclusively to the agreement. The only act of part performance pretended, is that the plaintiff did not attend the sale and bid. But his absence from the sale was just as consistent with other circumstances. He was insolvent and unable to pay the mortgage; and the amount due thereon, with the costs and expenses of sale, was equal to the value of the land. Hence he could have had little motive to attend the sale, of which public notice was given, as required by the statute. To hold that his mere omission to attend the sale under such circumstances was a part performance would be an application of the equity rule upon the subject wholly unauthorized by the best authorities.

The court at General Term affirmed the judgment upon the authority of the case of *Ryan* v. *Dox* (34 N. Y., 307). That case is quite unlike this in its essential features. There there was a sale under a foreclosure judgment, and the plaintiffs, the owners of the land, procured the defendant to bid off the same under a parol agreement that he would attend the sale and bid off the land for their benefit and advantage, and take the deed as his security for the amount paid by him, they agreeing that they would not find any other person to attend the sale and bid for them. He was to hold the deed as his security, and whenever the plaintiffs repaid him the amount paid

at the sale, together with interest and a reasonable compensation for his services, he was to convey the land to them. In pursuance of the agreement he attended the sale and bid off the land for $100, which was then worth $4,000. The others present at the sale were informed of the agreement, and therefore abstained from bidding. If plaintiffs had not relied upon the agreement, they would not have allowed the land to have been struck off for the sum of $100, but could have found other persons to have purchased the land, and thus would have saved the same from sacrifice. They relied upon the agreement, and made no other effort to procure the money or the assistance of friends to save and buy the land. They continued in the possession of the land after the sale for six years, and during all that time had the use of the land with the knowledge and consent of the defendants, and they paid the taxes thereon and made payments on account of incumbrances thereon. After the plaintiffs had been in possession of the land for six years the defendant obtained the possession, and then repudiated the agreement and denied plaintiffs' rights. The plaintiffs brought the action to enforce the agreement, and they were defeated in the Supreme Court; but this court reversed the judgment on the ground that there was sufficient part performance of the contract to take it out of the statute. (*Levy* v. *Brush*, 45 N. Y., 589, 596.) There the acts of part performance were clearly referable to the agreement, and were done in reliance thereon, and in part execution thereof, and the equity rule as to part performance, as above laid down, was fully satisfied.

But it is uncertain from the complaint and the findings of the judge upon what ground relief was granted to the plaintiff in this action, whether upon the ground of specific performance of a parol contract partly performed, or upon the ground that a trust had been created by the agreement of the parties and the circumstances of the case which the defendant was bound to execute. We must, therefore, further inquire whether there was any trust which could properly be enforced. Parol trusts in lands are condemned by the statute (2 R. S.,

135, § 6), and no mere parol agreement creating them will ever be enforced in equity. (*Sturtevant* v. *Sturtevant*, 20 N. Y., 39.) They are sometimes enforced where there is an element of fraud in the case, as where the parol agreement is obtained as part of a scheme of fraud, or when, by a parol agreement, a person is fraudulently deprived of his valuable rights or his property; and in such case a court of equity does not intervene to uphold or enforce the parol trust, but to relieve against the fraud which has been perpetrated by raising an implied trust; and it will treat the person who perpetrated the fraud as a trustee, not by virtue of the parol agreement, but as a trustee *ex malificio* on account of the fraud. The mere refusal to perform a parol agreement void under the statute may be a moral wrong, but it is, in no sense, a fraud in law or equity. (*Levy* v. *Brush, supra*, p. 597.) Here there was no allegation or finding of any fraud, and hence if this agreement should be treated as an attempt to create a parol trust, it could not be upheld or enforced. In *Brown* v. *Lynch* (1 Paige, 147), *Cox* v. *Cox* (5 Richd. S. C. Eq., 365), *Keith* v. *Purvis* (4 Dess., 114), *Peebles* v. *Reading* (8 S. & R., 492), *Trapnall* v. *Brown* (19 Ark., 49), there was fraud which enabled the courts to enforce parol trusts. In *Levy* v. *Brush* a verbal agreement was entered into between the plaintiff and defendant by which the latter agreed to bid off in his own name and enter into a contract for the purchase of land, and pay from his own funds the necessary amount for that purpose, for the joint benefit of both; the plaintiff was to reimburse one-half of the money so paid, the deed to be taken in the name of both; and it was held, the defendant having bid off the land in his name and taken a contract thereof, but having refused to convey one-half of the contract to the plaintiff, that no action would lie to compel the execution of the agreement. There was as much ground for saying there as here that the plaintiff relied upon the agreement, so far that he did not himself bid or make arrangements with other parties for bidding, and yet it was held that it was not a case for the enforcement of the agreement either upon the ground

of part performance or of a parol trust repudiated by the
trustee in wrong of the plaintiff. If one employs another by
parol to buy land for him with his own money, and the latter
buys the land and takes the deed to himself and refuses the
former any right therein, the former cannot compel a convey-
ance to him, even by showing that but for his reliance upon
the fidelity of his agent he would have purchased in person or
through some other agent. (*Smith* v. *Burnham*, 3 Sumn.,
435; 2 Story's Eq. Jur.; 1201a.) In *Kellum* v. *Smith* (33
Penn. St., 158), it was held that a promise to purchase real
estate at a sheriff's sale and to convey it to the defendant
in the execution whenever he should repay to the purchasers
their advances to him, does not raise a resulting trust in favor
of the defendant. STRONG, J., says: "A resulting trust can-
not be created in such a way. Such a trust can arise only
from the payment of the purchase-money or from fraud in
the purchase; fraud perpetrated by the grantee. Here the pur-
chase-money of the sheriff's sale was paid by Bell & Co., and
consequently the beneficial interest as well as the legal estate
went to them. Had there been fraud in the purchase they
might have been held trustees *ex maleficio*. But the fraud
which will convert the purchaser at a sheriff's sale into a
trustee, *ex maleficio*, of the debtor, must have been fraud at
the time of the sale. Subsequent crime will not answer any
more than subsequent payment of the purchase-money will
convert an absolute purchase into a naked trust. Where the
purchaser at a sheriff's sale promises to hold for the debtor and
afterwards refuses to comply with his engagement, the fraud,
if any, is not at the sale, not in the promise, but in its subse-
quent breach. That is too late. It is abundantly settled that
equity will not decree such a purchaser to be a trustee, unless
there is something more in the transaction than the mere vio-
lation of a parol agreement." The learned judge further says:
"It may, in all cases, be assumed that where a promise is made
to buy or to hold for another confidence is invited and more
or less reposed. So it is in every parol contract for the pur-
chase of lands; but the statute of frauds would be worse than

waste paper if a breach of the promise created a trust in the promissor which the contract itself was insufficient to raise. It may be that if, at the instance of the promissor, the promissee is induced to incur some expense or perform some act which he otherwise would not have done, the former shall be estopped from denying the trust. But however this may be, mere acquiescence or omission to take other steps to obtain the property, though induced by faith in the promissor, is not available for such a purpose." If, in the case under consideration, the defendant at the sale had declared that he was bidding in the property for the plaintiff, and had thus induced other persons to refrain from bidding and purchased the property for less than its value, a case would probably have been made for holding him as trustee, *ex maleficio*, of the plaintiff. (*Brown* v. *Dysinger*, 1 Rawle, 408; *Ryan* v. *Dox, supra;* 2 Wash. on Real Prop., 444.)

The case nearest like this which I have been able to find in the reports of this State, is that of *Lathrop* v. *Hoyt* (7 Barb., 59). In that case the defendant, at plaintiff's request, agreed, by parol, that he would go and attend a sale of the plaintiff's farm under a decree of foreclosure; that he would bid off the premises and take a deed in his own name, but he would give the plaintiff an opportunity to repay him the amount of his bid and have a reconveyance of the premises, and that the plaintiff should have two weeks' notice to pay the amount. The defendant accordingly bid off the farm and took a deed in his own name, and it was held that the agreement was void as being within the statute of frauds and would not support an action, and that there was no trust which could be enforced. That case was decided by a learned court and contains a correct exposition of the law. Although it was decided nearly thirty years ago our attention has not been called to any reported case in this State in conflict with it.

It is a mistake to suppose that parol agreements relating to lands are any more valid in equity than at law. They are always and everywhere invalid. But courts of equity have general jurisdiction to relieve against frauds, and where a

parol agreement relating to lands has been so far partly performed that it would be a fraud upon the party doing the acts, unless the agreement should be performed by the other party, the court will relieve against this fraud and apply the remedy by enforcing the agreement. It is not the parol agreement which lies at the foundation of the jurisdiction in such a case, but the fraud. So in reference to parol trusts in lands. They are invalid in equity as well as in law. But in cases of fraud courts of equity will sometimes imply a trust and will treat the perpetrator of the fraud as a trustee, *ex maleficio,* for the purpose of administering a remedy against the fraud. For the same purpose it will take the trust which the parties have attempted to create and enforce it; and in such a case the fraud, not the parol agreement, gives the jurisdiction.

It follows, from these views, that the order must be reversed and new trial granted, costs to abide event.

All concur.

Order reversed, and ordered accordingly.