DE WANDELAER v. DE WANDELAER et al.

(Supreme Court, Appellate Division, Third Department.   December 3, 1903.)

1. JUDGMENT—PURCHASER—EXTENT OF LIEN AS AGAINST SUBSEQUENT MORT-
   GAGEE.
      A debtor made an assignment for the benefit of creditors.  The as-
   signee purchased certain judgments against the debtor under an agree-
   ment to hold them so that they would not be used to prevent the debtor
   from afterwards engaging in business, and that the price paid there-
   for should be repaid by the debtor.  Under the decree settling the ac-
   counts of the assignee, he received about 20 per cent. of the face of the
   judgments.  *Held*, on a sale of land in partition belonging to the debtor
   and others as heirs of a decedent, the assignee acquired a lien to the
   amount paid for the judgments, less the sum received from the assigned
   estate, and not to the full amount of the judgments, as against a sub-
   sequent mortgagee with notice of the interest of the debtor in the land.

Appeal from Special Term, Montgomery County.

Action by Georgiana P. De Wandelaer against Anna L. De Wande-
laer and others.   From an order authorizing the distribution of the
share of defendant Glidden A. De Wandelaer arising from the sale
of the premises, Lewis F. Eckler appeals.   Affirmed.

This action was brought to partition the real estate of James S. De Wande-
laer, who died 7th December, 1901.  Glidden De Wandelaer, as one of his
heirs, was entitled to a one-twelfth interest in that real estate, which is the
sum over which contest is here made.  The contestants are Delmar De
Wandelaer, a brother of Glidden De Wandelaer, who claims under a mort-
gage executed 15th March, 1902, upon the undivided interest of Glidden De
Wandelaer in this land.  The other claimant is Lewis F. Eckler, who claims
under two judgments which were recovered in February, 1897, against
Glidden De Wandelaer, and thereafter purchased by the said Eckler.  The
court at Special Term held that Eckler was entitled to priority to the amount
which he had paid for the said judgments only, and not to the full amount
of the judgments.  From the order entered upon this determination, Eckler
has here appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Edward R. Hall, for appellant.

Joseph L. Moore, for respondent Delmar De Wandelaer.

SMITH, J.   Ordinarily these judgments would attach as a prior
lien immediately upon the death of James De Wandelaer, from whom
Glidden De Wandelaer received the property by inheritance.   Del-
mar De Wandelaer took his mortgage with notice of the lien of these
judgments as shown to him by the record.   The sole question is
whether Lewis F. Eckler purchased these judgments under such cir-
cumstances as to forfeit his right to make claim for the full amount
thereof.

Upon the 8th day of January, 1897, just prior to the recovery of
these judgments, Glidden De Wandelaer had made a general assign-
ment for the benefit of creditors to Lewis F. Eckler, who was his
father-in-law.   By an arrangement between Eckler and Glidden De
Wandelaer, Eckler was to purchase these judgments, and hold them
so that they would not be used to prevent Glidden De Wandelaer

from afterwards engaging in business. They were purchased under the agreement and understanding, as sworn to both by Eckler and by Glidden De Wandelaer, that the price paid therefor should afterwards be repaid by Glidden De Wandelaer to Eckler. Not only is this sworn to by both parties to the transaction, but an account was afterwards rendered by Eckler to Glidden De Wandelaer in which these judgments were put down at the price at which they were purchased. This fact is only important as confirmatory of the agreement with Glidden De Wandelaer under which Eckler purchased the judgments. The trust under the general assignment was executed by Eckler, who accounted, and a decree was entered settling the accounts. Under that decree, Eckler, with the other creditors, received about 20 per cent. of their claims. He had paid, however, 40 or 50 per cent. for these judgments. What he had paid therefor, less the sum which had been received from the assigned estate, was the amount for which Eckler, in his account with Glidden De Wandelaer, had made claim, and the amount which the court allowed to him as upon a lien prior to the lien of the mortgage of Delmar De Wandelaer. At the Special Term, however, upon the distribution of this fund, Eckler made claim to the full amount of the judgments, irrespective of what he had paid therefor. The disallowance of this claim is the cause of Eckler's complaint upon this appeal.

We think the Special Term was clearly right in disallowing the claim of Eckler beyond the amount which he had paid for the judgments. Eckler was the father-in-law of Glidden De Wandelaer, who was living at the time with him. His promise to take up the judgments, and allow Glidden De Wandelaer thereafter to pay him therefor the amount which he had paid, was, in effect, a loan of the money to Glidden De Wandelaer, to be repaid to him when opportunity offered. While the judgments might be held as security for this loan, after this purchase they were security for no more than Eckler had paid therefor. Delmar De Wandelaer can claim all the rights which could be claimed by Glidden De Wandelaer, and was entitled to the lien of his mortgage after Eckler had been fully paid for the moneys which he had advanced for the payment of these liens. The order appealed from has thus provided, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.