(62 Misc. Rep. 87.)

### JENKINS v. BISHOP et al.

(Supreme Court, Special Term, Washington County. January, 1909.)

1. FRAUDS, STATUTE OF (§ 125*)—ORAL CONTRACTS—ENFORCEMENT—DEFENSE TO FORECLOSURE.

On foreclosure, defendant set up as a defense an oral agreement with plaintiff that he should act as defendant's agent to secure an assignment of the mortgage on terms advantageous to defendant; that, instead of so doing, he took an assignment of the mortgage in his own name, paying therefor less than half the amount then due on the mortgage, but refused to transfer the mortgage to defendant as agreed. *Held*, that the contract, being void under the statute of frauds, was no defense.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 276; Dec. Dig. § 125.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MORTGAGES (§ 456*)—FORECLOSURE—PLEADING—NECESSITY OF REPLY.

In an action to foreclose a mortgage, an oral agreement set up by defendant, being an affirmative defense, and not a counterclaim, and no reply having been required by the court on the application of defendant, no reply was necessary under Code Civ. Proc. §§ 514–516, 522.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1334; Dec. Dig. § 456.*]

Action by Clayton W. Jenkins against Simon Bishop and others. Judgment for plaintiff.

Jenkins, Kellogg & Barker, for plaintiff.
Chambers & Finn, for defendants.

VAN KIRK, J. This is an action to foreclose a mortgage, on which, by its terms, is due the sum of $5,000 and interest. Simon Bishop (hereinafter for convenience called the defendant) denies the amount due, and in fact that anything is due, basing this claim on a parol agreement made between the plaintiff and the defendant. In his answer he alleges that, in February, 1907, Mary W. Cronkhite, who, as executrix of the last will and testament of Helena D. Little, held the bond and mortgage, told the defendant that she would sell the bond and mortgage for a sum considerably less than the amount due thereon and give the defendant the benefit of such reduction; that, on February 15, 1907, defendant made an agreement with the plaintiff, Jenkins, whereby the said plaintiff agreed to purchase the said bond and mortgage and take an assignment thereof for the best price at which the same could be procured, and that the plaintiff would give the defendant the benefit of any reduction that might be made in purchasing said bond and mortgage, and allow and credit such reduction in payment of the amount due thereon, and that the plaintiff would carry and hold the same, and give the defendant an opportunity to repay to him the sum that plaintiff actually paid for the mortgage, in installments, with interest, or the defendant might at his option, repay plaintiff such sum as the plaintiff should actually be obliged to pay in order to secure the assignment of said bond and mortgage, and that plaintiff would not sell or assign said mortgage without defendant's consent, as long as defendant made the agreed payments; that thereafter the plaintiff purchased the mortgage for $2,500; that, after the purchase, the plaintiff stated to the defendant that he had paid $4,000 for the mortgage, and that plaintiff would carry the bond and mortgage, if the defendant so desired, provided the defendant paid the interest upon the sum which the plaintiff paid therefor at the rate of 5 per cent. per annum; and thereupon, on April 1, 1907, the defendant, believing that the plaintiff had paid $4,000 for the mortgage, paid the interest on such $4,000 to the 1st day of April, 1907, and received the plaintiff's receipt therefor.

In his brief the defendant says the substance of the whole transaction set forth in the answer, stripping it of immaterial matter, is that the plaintiff, having undertaken to act as the agent of Simon Bishop for the purpose of securing an assignment of the mortgage referred to in the complaint, and thus securing it on terms that would be great-

ly to the advantage of Simon Bishop, instead of doing so, secured an
assignment of the bond and mortgage in his own name, paying there-
for less than half the amount then due on the mortgage, and, after
giving his receipt to the defendant for the interest on the mortgage
from the time he took it to the date of giving the receipt, then re-
fused to transfer the mortgage to the defendant or give him the ad-
vantage in the transaction to which he is entitled, and proceeded to
foreclose the mortgage, claiming to recover the full amount due there-
on, thus making a profit to himself of nearly $3,000. The plaintiff did
purchase the bond and mortgage for the sum of $2,500 with his own
money. For the purpose of passing upon this case, we may consid-
er the above statement, set forth from the answer and the brief, as a
correct statement of the facts, although the plaintiff denies the agree-
ment, and says that, after the plaintiff purchased the mortgage, he
agreed with the defendant that, if the defendant would pay him the
sum of $4,000, with interest, he could have the mortgage, but that,
if he should be compelled to foreclose, he should demand the full
amount, $5,000, and interest.

The defendant in his answer calls the agreement set forth an agree-
ment and contract; that is, an agreement between principal and agent.
It does not aid the defendant to call it a contract of agency. Baumann
v. Holzhausen, 26 Hun, 506. "If one employs another by parol to
buy land for him with his own money, and the latter buys the land,
and takes the deed to himself, and refuses the former any right there-
in, the former cannot compel a conveyance to him, even by showing
that, but for his reliance upon the fidelity of his agent, he would have
purchased in person or through some other agent." Wheeler v. Rey-
nolds, 66 N. Y. 235. The agreement set forth in the answer, and in
support of which some testimony was given, is under the statute of
frauds absolutely void, "and conferred no rights and imposed no ob-
ligations upon any one." Wheeler v. Reynolds, 66 N. Y. 231; La-
throp v. Hoyt, 7 Barb. 59; cited in Wheeler v. Reynolds, 66 N. Y.
231, 232; Levy v. Brush, 45 N. Y. 589. Nor was any trust created
by the agreement of the parties, and under the circumstances of the
case, which the plaintiff was bound to execute. Levy v. Brush, supra.
There is no element of fraud here in the transaction and agreement
which will permit an equity court to enforce the agreement and re-
lieve against the fraud. To refuse to perform such a parol agree-
ment "may be a moral wrong, but it is in no sense a fraud in law or
equity."

It is not necessary to consider here more definitely the facts and
parol agreement, because in deciding the case I have taken the de-
fendant's version; and, however much I might feel disposed to give
defendant some relief, at least from a deficiency judgment, which is
probable, as the value of the farm is from $3,000 to $3,500, the facts
and law will not permit it. The cases cited by the defendant are
not applicable to the facts of this case, as I view it. Defendant's
error is that he claims a valid contract of agency. If such existed,
his authorities would have to be considered; but the contract by which
defendant claims the agency is established is absolutely void under
the statute of frauds.

To the affirmative defense, setting forth the parol agreement, plaintiff has not replied; and the defendant has urged that this affirmative defense is admitted, and that the statute of frauds cannot be in effect, because plaintiff has not replied, setting up the statute of frauds or denying the agreement. The parol agreement, being an affirmative defense and not a counterclaim, and no reply having been required by the court upon the application of the defendant, no reply was necessary, either by way of denial, or, allegation of the statute of frauds. Code Civ. Proc. §§ 514–516, 522; Pattat v. Pattat, 93 App. Div. 102, 87 N. Y. Supp. 140.

The defendant is allowed to amend his answer by making the necessary denials, and the case is considered as if such amendment had been made. The plaintiff is entitled to judgment of foreclosure and sale, and a decision accordingly may be presented.

Judgment for plaintiff.