## McKINLEY v. HESSEN.

(Supreme Court, Appellate Division, Second Department.   December 30, 1909.)

1. FRAUDS, STATUTE OF (§ 129*)—PART PERFORMANCE.
 Where plaintiff gives proof of part performance which points to the existence of the parol agreement alleged, the court permits proof of the agreement despite the statute of frauds, so that the statute shall not be a shield for fraud.
 [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

2. SPECIFIC PERFORMANCE (§ 44*)—PAYMENT OF CONSIDERATION.
 Ordinarily the mere fact of payment of the consideration money for land is not sufficient proof of part performance, justifying a judgment for specific performance.
 [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 126; Dec. Dig. § 44.*]

3. FRAUDS, STATUTE OF (§ 129*)—PART PERFORMANCE—IMPROVEMENTS.
 Improvements indicating part performance of a land contract must be substantial and permanent, and the loss thereof a sacrifice, and must warrant a belief that they would not have been made, had there been no contract.
 [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 322–324; Dec. Dig. § 129.*]

4. FRAUDS, STATUTE OF (§ 129*)—PART PERFORMANCE.
 The acts of part performance which take a land contract out of the statute of frauds must be done by the party seeking to enforce the contract.
 [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 287; Dec. Dig. § 129.*]

5. GIFTS (§ 49*)—SUFFICIENCY OF EVIDENCE.
 In an action for specific performance of an alleged parol agreement whereby defendant was to take the title to land for which plaintiff paid the consideration and to convey it to plaintiff on demand, evidence *held* to show a gift of the land by plaintiff to defendant.
 [Ed. Note.—For other cases, see Gifts, Dec. Dig. § 49.*]

Appeal from Special Term, Queens County.

Action by James A. McKinley against Susan Hessen. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

Almeth W. Hoff (Michael J. Joyce, on the brief), for appellant.
Herbert C. Smyth, for respondent.

JENKS, J. The plaintiff paid the consideration money for certain improved real estate, which at his instance was conveyed absolutely to his sister, the defendant. No trust resulted. Real Property Law (Laws 1896, p. 570, c. 547) § 74. It was neither pleaded nor proved that there was fraud in that transaction. But the plaintiff sues for a specific performance of an alleged parol agreement that the defendant would take title to the premises, hold them for him, and convey them to him, or to his nominee, upon demand. The defendant denies the agreement, contends that the purpose of the transaction was a gift

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    120 N.Y.S.—17

from the plaintiff to her, and pleads the statute of frauds. The Special Term gave judgment for the plaintiff on the ground of performance.

The foundation of the jurisdiction, as is pointed out in Wheeler v. Reynolds, 66 N. Y. 227, is not the parol agreement, but fraud. Pomeroy's Specific Performance of Contracts (2d Ed.) § 104; Pomeroy's Eq. Jur. § 1409; Phillips v. Thompson, 1 Johns. Ch., at page 149. When a plaintiff gives proof of part performance which points to the existence of the agreement alleged, then the court permits proof of the parol agreement despite the statute, in order that the statute of frauds shall not be a. shield in that case to cover fraud. Robbins v. Robbins, 89 N. Y. 251–257; Pomeroy, supra, § 107. As the same learned author well says (section 108):

"A plaintiff cannot, in the face of the statute, prove a verbal contract by parol evidence, and then show that it has been partly performed. This course of proceeding would be a virtual repeal of the statute. He must first prove acts done by himself, or on his behalf, which point unmistakably to a contract between himself and the defendant, which cannot, in the ordinary course of human conduct, be accounted for in any other manner than as having been done in pursuance of a contract, and which would not have been done without an existing contract; and although these acts of part performance cannot, of themselves, indicate all the terms of the agreement sought to be enforced, they must be consistent with it, and in conformity with its provisions when these shall have been shown by the subsequent parol evidence."

I think that the acts found by the court or revealed by the record were not sufficient to put aside the plea of the statute. In Phillips v. Thompson, 1 Johns. Ch. 131–149, Kent, Ch., said:

"It is well settled that, if a party sets up part performance to take a parol agreement out of the statute, he must show acts unequivocally referring to, and resulting from, that agreement, such as the party would not have done, unless on account of that very agreement, and with a direct view to its performance; and the agreement set up must appear to be the same with the one partly performed. There must be no equivocation or uncertainty in the case."

In Wheeler v. Reynolds, supra, Earl, J., said:

"And the acts of part performance should clearly appear to be done solely with a view to the agreement being performed. Generally, if they are acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement. The acts should be so clear, certain, and definite in their object and design as to refer exclusively to a complete and perfect agreement, of which they are a part execution. 2 Story's Eq. Jur. §§ 761, 762; Phillips v. Thompson, 1 Johns. Ch. 131; Byrne v. Romaine, 2 Edw. 445; Jervis v. Smith, 1 Hoffm. 470; Wolfe v. Frost, 4 Sandf. Ch. 77."

And in Maddison v. Alderson, 8 L. R. App. Cas. 467, Lord Chancellor Selborne said:

"All the authorities show that the acts relied upon as part performance must be unequivocally, and in their own nature, referable to some such agreement as that alleged. Cooth v. Jackson, 6 Ves. 38; Frame v. Dawson, 14 Ves. 386; Morphett v. Jones, 1 Sw. 181."

The mere payment of the consideration money does not meet this criterion. In Maddison v. Alderson, supra, at page 479, Lord Chancellor Selborne, commenting upon the rule that the part payment of

purchase money is not enough and that judges of high authority had said the same, even of payment in full, said:

"Some of the reasons which have been given for that conclusion are not satisfactory. The best explanation of it seems to be that the payment of money is an equivocal act, not (in itself), until the connection is established by parol testimony, indicative of a contract concerning land."

The payment of the consideration in this case is not necessarily referable to the agreement pleaded by the plaintiff. I go farther to say that it is entirely consistent with the theory of a gift. He is a single man 50 years old, and the defendant, his only sister, is a married woman with children. He had been engaged as the manager of a commercial business for many years. He had lived in the family of the defendant for 18 years. His custom was to pay the rent of the city apartments occupied by them, and for two years he had paid the rent of a cottage in the summer. His sister paid the other expenses. There is an instance when he contributed either $80 or $200. In July, 1906, the plaintiff purchased the premises, a country house in close vicinity to the city, for $8,200. He signed the terms of sale in the defendant's name, and the deed thereof was made to her, and she at the same time executed a bond and mortgage upon the premises. On August 6 and August 11, 1906, two other parcels of land were also purchased, one consisting of 10 lots in the rear of the house and the other of 5 lots at the side of it, to protect the house. The considerations were paid by the plaintiff in the sum of $8,000, and the deeds therefor were made to the defendant. As a result of these transactions she had title to a plot of land about 200 by 200 feet and a house thereon. The plaintiff and the defendant placed certain furniture in the house, and the plaintiff and the family went there to live, and they lived in this house for three summers. In 1908 a quarrel arose over a woman whom the plaintiff proposed as a visitor. The plaintiff left the house, and then for the first time demanded of the defendant that she convey the property to him. The parcel of 10 lots had been theretofore conveyed to the plaintiff's nominee, and the defendant had paid over the consideration price to the plaintiff. She says it was a loan.

The contention of the defendant is that the conveyance was a gift, prompted by the fact that the plaintiff was a bachelor of mature years who had lived for 18 years as a member of her family, that she was his only sister, with a family, and had afforded him a home and maintenance in the houses which he had furnished for their common use. The contention of the plaintiff is that he had found his health affected by too close attention to business, which he could not abandon; that he wished an opportunity for more exercise out of doors, and "to get something" in case his eyes failed him; and that he caused the property to be put in his sister's name that he might avoid jury duty, which he could not perform without neglect of his business.

Ordinarily the mere fact of payment of the consideration money is not sufficient proof of part performance that justifies a judgment for specific performance. Cooley v. Lobdell, 153 N. Y. 602, 47 N. E. 783; Dunckel v. Dunckel, 141 N. Y. 427–435, 36 N. E. 405. The payment of the carrying charges, expenses of the property, the taxes, and insurance and repairs upon the house are not in my judgment sufficient

proof to establish part performance, because these acts are not necessarily referable to the alleged agreement and done in execution of it. Pomeroy, supra, § 109. And they are entirely consistent with the fact that theretofore the plaintiff had furnished the abode for the family with whom he lived and had made the gift of the premises in question for that purpose. The defrayment of such charges might well be made to complete the gift of which he enjoyed the use in common with the donee. Besides the payment of the taxes and insurance, the plaintiff shows an outlay in trifling amounts (save one item of a few hundred dollars) for carpentry, painting, and garden work. The one item of a few hundred dollars is for concrete work in the cellar. These acts are subject to like comment. Improvements which indicate part performance must "be substantial and permanent" and the "loss thereof a sacrifice." They must "warrant the belief that they would not have been made if there had been no contract." Vann, J., for the court, in Cooley v. Lobdell, supra.

There was not any feature of possession in this case which needs to be considered, for the possession which is material must be that which is taken and held with the purpose of carrying out the contract. As I have said, the plaintiff and the defendant's family had dwelt together for many years. The defendant was the grantee of the premises. And the parties together went into the physical possession of the house, to dwell together as before, until the quarrel over the woman parted them. Certainly the entry and occupancy of the plaintiff is not necessarily referable to the alleged agreement, and therefore it does not make for it in this case. Pomeroy, supra, § 116; German v. Machin, 6 Paige, 289; Jacobs v. Railroad, 8 Cush. (Mass.) 223.

The Special Term also found that there was part performance by the defendant. But her acts were of no moment, and could not be considered by the court in concluding upon its judgment. For the rule is:

"The acts of part performance must be done by the party seeking to enforce the contract. Pomeroy, supra, § 105; Rathbun v. Rathbun, 6 Barb. 98; Caton v. Caton, L. R. 1 Ch. 137, 148; Buckmaster v. Harrop, 7 Ves. 341.

The reason is very clearly stated by Allen, J., in Rathbun v. Rathbun, supra:

"The doctrine of part performance is based upon the principle that it would be inequitable, and a fraud on the part of the individual insisting upon the statute, to rely upon it after having, by his acts, induced his adversary to do acts in part performance of a parol agreement, and upon the faith of its full performance by both parties, and for which he cannot well be compensated in any manner except by a specific performance of the agreement; and hence the acts of part performance which are (not to take the case out of the statute but) to estop a party from insisting upon it must be on the part of the person asking a performance, and not of the person insisting upon the statute. For if the latter chooses to waive the benefit of his acts of part performance, his adversary has no claim for relief founded upon it; and here all the acts of part performance relied upon are the acts of the defendant. 7 Vesey, 341; Roberts on Frauds, 138; Story's Eq. Jur. §§ 759, 761."

In Caton v. Caton, supra, the Lord Chancellor Cranworth said:

"The preparing and executing of the will caused no alteration in the position of the lady, and I presume it will not be argued that any consequence can be

attached to acts of part performance by the party sought to be charged. If I agree with A., by parol, without writing, that I will build a house on my land, and then will sell it to him at a stipulated price, and in pursuance of that agreement I build a house, this may afford me ground for compelling A. to complete the purchase; but it certainly would afford no foundation for a claim by A. to compel me to sell on the ground that I had partly performed the contract. The circumstance of preparing and executing the will (supposing it satisfactorily proved) might afford strong evidence of the existence of the parol contract insisted on, if that were a matter into which we were at liberty to inquire; but it can have no effect as giving validity to an otherwise invalid contract."

I advise a reversal of the judgment, and the granting of a new trial; costs to abide the final award of costs. All concur.