JENKINS v. BISHOP et ux.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. CONTRACTS (§§ 10, 54*)—CONSIDERATION—MUTUALITY.

Defendant purchased a farm and agreed to pay a mortgage of $5,000 thereon as part of the price. Plaintiff bought the mortgage, and orally agreed to give defendant the benefit of any reduction he could procure on the price, and credit it as a part payment on the mortgage. Plaintiff only paid $2,500 for the mortgage. Held, in an action to foreclose the mortgage, the oral agreement was void for lack of consideration and mutuality.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40, 233–239, 242, 251, 254, 255, 291–315; Dec. Dig. §§ 10, 54.*]

2. PRINCIPAL AND AGENT (§ 14*)—IMPLIED AGENCY.

Nor was there any trust relation or agency between the parties.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 26–33; Dec. Dig. § 14.*]

3. MORTGAGES (§ 558*)—FORECLOSURE—DEFICIENCY—LIABILITY OF PURCHASER OF MORTGAGED LAND.

A purchaser of land subject to a mortgage does not become personally liable for any deficiency on foreclosure notwithstanding his agreement to pay the mortgage in the deed to him by his grantor, where such grantor was not personally liable for the mortgage debt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1596; Dec. Dig. § 558.*]

Kellogg and Sewell, JJ., dissenting.

Appeal from Trial Term, Washington County.

Action by Clayton W. Jenkins against Simon Bishop and Vilona Bishop, his wife. From a judgment for plaintiff (62 Misc. Rep. 87, 115 N. Y. Supp. 1011), Simon Bishop appeals. Modified, and affirmed as modified.

See, also, 133 App. Div. 517, 117 N. Y. Supp. 630.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

Walter A. Chambers, for appellant.
Joseph A. Kellogg, for respondent.

CHESTER, J. In 1897 the appellant Simon Bishop purchased a farm upon which there was a mortgage of $5,000, which he assumed and agreed to pay as a part of the purchase price. In February, 1907, the plaintiff purchased said mortgage from the owner thereof. At that time there was due and unpaid of principal $5,000 and accrued interest $211.18. Nothing was thereafter paid on the mortgage except the sum of $25 in March, 1907. In May, 1908, plaintiff commenced this action to foreclose the mortgage. The appellant in his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

answer alleged a parol agreement between himself and the plaintiff at or about the time when plaintiff purchased said mortgage, by which agreement plaintiff agreed with the appellant to purchase said mortgage at the most favorable price possible, and that he would give the appellant the benefit of any reduction he might procure on such purchase and credit such reduction as a part payment of the amount due on the mortgage; that plaintiff would carry and hold the same and give appellant an opportunity to pay to him the sum which he actually paid therefor in installments and interest, or the appellant might at his option repay him such sum as plaintiff might actually pay therefor.

The plaintiff, in fact, purchased the bond and mortgage for the sum of $2,500. The appellant's son and wife testified to several conversations they had with plaintiff previous to the purchase of the bond and mortgage by him, in which he agreed to purchase the same at the best price he could, and give the appellant the benefit of any reduction he could procure. These conversations were denied by the plaintiff. The trial justice held that the agreement set forth in the answer was void as being without consideration and also under the statute of frauds, and conferred no rights or obligations upon any one.

We think the alleged agreement is void because of lack of consideration and mutuality between the parties. The appellant did not pay or give anything to the plaintiff to induce him to act, and, if he had failed to make the purchase in pursuance of the alleged agreement, the appellant would not have had a cause of action against the plaintiff for damages. The appellant assumed no obligation by reason of the proposed purchase that he was not under because of his original agreement to pay the mortgage when he bought the farm. There was no mutuality or consideration between the parties, and the alleged agreement therefor cannot be enforced. Levy v. Brush, 45 N. Y. 589, 595. Nor was there any trust relation or agency between the parties. Wheeler v. Reynolds, 66 N. Y. 227. The case of De Wandelaer v. De Wandelaer, 89 App. Div. 113, 84 N. Y. Supp. 945, decided by this court and cited by the appellant, is not an authority in favor of his contention. That was a case where one Eckler while he was acting as trustee for the benefit of creditors of Glidden De Wandelaer purchased two judgments against said De Wandelaer under an arrangement with said De Wandelaer that he would purchase the same so that they would not be used to prevent De Wandelaer from afterwards engaging in business, and that the amount paid therefor should afterwards be repaid by De Wandelaer to Eckler. This agreement was sworn to by both the parties, and Eckler in his accounts rendered to De Wandelaer set out these judgments at the price he paid for them. In addition to this, Eckler under his trust as general assignee paid to himself a dividend on these judgments of 20 per cent. the same as the other creditors received. The relation of Eckler to De Wandelaer was of such a fiduciary character that any benefit he might receive in purchasing these judgments must necessarily inure to De Wandelaer, or his creditors, and he could get no benefit from any transaction in connection with the estate or trust he was administering. Here there existed no such trust relation.

If we are right that there was no mutuality or consideration be-

tween the parties, it is unnecessary to consider the question of the statute of frauds.

The judgment, however, is erroneous in so far as it charges the appellant with any deficiency which may arise on the sale of the mortgaged property, for the reason that the grantors of the appellant were not personally liable for the mortgage debt, and hence the appellant did not become liable notwithstanding his agreement to pay the mortgage contained in the deed to him by his grantors. Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Carter v. Holahan, 92 N. Y. 498, 504.

The judgment should therefore be modified by striking therefrom the provision for the personal liability of the appellant as to any deficiency which may arise on the sale of the property, and, as so modified, should be affirmed without costs. All concur, except KELLOGG, J., dissenting in memorandum in which SEWELL, J., concurs.

JOHN M. KELLOGG, J. I dissent upon the ground that the evidence tends to show that the plaintiff as agent for the defendant purchased the mortgage and advanced the purchase price as a loan upon the security of the mortgage. The court declined to pass upon those questions, holding that the evidence, if true, constituted no defense.